IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No CR 04-0125 VRW |
| Plaintiff | ORDER |
| v | |
| RELIANT ENERGY SERVICES, INC, et al, | |
| Defendants. | |

In January 2003, company defendant Reliant entered into a "Stipulation and Consent Agreement" with the Federal Energy Regulatory Commission (FERC). Doc #169, Ex UU. In the "Stipulated Facts" section of the agreement, Reliant admitted that, on June 20 and June 21, 2000, its traders "intentionally reduced the quantity of megawatts offered to the [California Power Exchange]* * * below the amount that normally would have been offered under the existing market conditions." Id at 3. Reliant made various other admissions and agreed to pay approximately $13.8 million that was

1 refunded to entities that purchased electricity in the power
2 exchange.  Id.  The agreement states: "These facts are stipulated
3 solely for the purpose of resolving between Reliant and Staff the
4 matters discussed herein and do not constitute stipulations or
5 admissions for any other purpose."  Id at 1.  The defense moves to
6 exclude from trial evidence of the FERC settlement.  Doc #209.  For
7 the reasons discussed below, the court GRANTS defendants' motion.

8       First, on its face, the settlement was entered into
9 "*solely for the purpose*" of resolving the FERC proceedings.
10 Accordingly, the permissible use of the agreement is limited on its
11 face.

12       Moreover, while the government argues that FRE 408 was
13 amended in December 2006 to allow the admission in criminal
14 proceedings of prior negotiations with regulatory authorities [Doc
15 #296], the court finds it would be unfair to apply a change in a
16 rule of criminal procedure retroactively in these circumstances.
17 Even if Reliant had not specifically disclaimed use of the
18 settlement for purposes outside of the FERC proceedings (and, as
19 noted, Reliant expressly disclaimed any other use of the
20 agreement), Reliant might very well have not entered into the FERC
21 settlement if it had known that the agreement could be used against
22 it criminally.  In any event, fundamental notions of due process
23 would require that Reliant knew or should have known of this
24 possibility.  A party should not be at risk of criminal liability
25 due to the changing views of the federal rules drafters.

26       Finally, in addition to the settlement's limiting
27 language cited above, sections V.2 and V.3 of the settlement state
28 respectively: "By this Agreement, Staff and Reliant evidence their

**2**

intention to settle only the matters referred to herein * * *" and "Reliant neither admits nor denies that its actions affected prices in any market, or violated the FPA, its own market-based rate tariffs, or the tariffs of the CalPX or CAISO, or any other law or regulation." Doc #169, Ex UU at 5.  Given these statements, the probative value of the settlement is slight.  The prejudicial effect, however, is substantial in that the settlement will suggest to jurors that defendants have already made admissions of guilt or wrongdoing.  Accordingly, the court also excludes evidence of the FERC settlement under FRE 403.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge